12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Loren K. HICKS, Plaintiff-Appellant,
v.
Nicholas F. BRADY, Secretary of the Treasury, Department of
the Treasury, Defendant-Appellee.
 No. 93-1013.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 E.D.Mich., No. 91-74373, Edmends, J.
 E.D.Mich.,1992 WL 454905.
 AFFIRMED.
 Before: KENNEDY, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Loren K. Hicks, a pro se litigant, appeals a district court grant of summary judgment in favor of the defendant on her complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hicks, a black female, alleged in her complaint that she had been the victim of racial discrimination and retaliation. Specifically, Hicks alleged that she was discriminated against when the defendant did not select her to fill any one of three job vacancies (two of which occurred in 1989 and one which occurred in 1990) and that the defendant retaliated against her for filing an Equal Employment Opportunity Commission complaint by not selecting her to fill a fourth job vacancy. The defendant moved for summary judgment, arguing, among other things, that the individual selected to fill the 1990 job vacancy was more qualified for the job than Hicks. The district court determined that Hicks had established a prima facie case of discrimination, but that she had failed to demonstrate that the defendant's proffered reason for his action was not the true reason and was merely a pretext for discrimination. Summary judgment was entered in the defendant's favor. On appeal, the sole issue raised by Hicks is whether the district court committed error by determining that there was no genuine issue of material fact on the question of pretext. All other issues are therefore abandoned and are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 3
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). The movant has the burden to show that the non-moving party has not established an essential element of his case upon which he would bear the ultimate burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party then has the burden of demonstrating that there is a genuine issue of material fact as to the essential element of his case. Id. at 324. The non-moving party must present more than a scintilla of evidence in support of his position but must present "evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 4
 Upon review, we affirm the judgment of the district court. Contrary to Hicks's unsupported allegation, the defendant established that the selected employee was at least as qualified as Hicks for the position. When choosing from among equally qualified employees, the employer is not compelled by Title VII to choose the minority candidate over the non-minority candidate. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981). As to the letters "B" and "W" appearing on the roster of eligible employees, the selecting official's sworn testimony before the administrative law judge was that those markings were not on the document when he made the promotion decision. Hicks offered nothing in rebuttal. Moreover, we find persuasive the defendant's argument that, since the selecting official knew the race of both Hicks and the employee selected to fill the position, he would have no need to identify their race and that he would have no need to identify his own race on the document. Because Hicks failed to present evidence on which a jury could reasonably find in her favor, summary judgment was appropriately entered in favor of the defendant.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.